ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
ROGER P. CROTEAU & ASSOCIATES, LTD.
2810 W. Charleston Blvd., #67
Las Vegas, Nevada 89102
(702) 254-7775 (Telephone)
(702) 228-7719 (Facsimile)
croteaulaw@croteaulaw.com
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| IEHAB HAWATMEH, individually; YASMEEN HAWATMEH, individually; LAYTH HAWATMEH, individually; and IEHAB HAWATMEH, as Administrator of the Estate of JOSEPH HAWATMEH, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF HENDERSON, NEVADA, a political subdivision of the State of Nevada; CITY OF HENDERSON POLICE DEPARTMENT, a political subdivision of the State of Nevada; THEDRICK ANDRES, individually and as a policy maker and Chief of CITY OF HENDERSON POLICE DEPARTMENT; LIEUTENANT THOMAS CHIELLO individually and in his official capacity; SERGEANT JAIME SMITH fka SERGEANT JAIME CLEAR, individually and in her official capacity; SERGEANT SETH VAN BEVEREN, individually and in his official capacity; OFFICER BRETT ANDERSON individually and in his official capacity; OFFICER JESSE HEHN individually and in his official capacity; OFFICER JESSE LUJAN individually and in his official capacity; OFFICER JAMES PENDLETON individually and in his official capacity; OFFICER LUIS AMEZCUA individually and in his official capacity; | Case No.: 22-cv-1786 -APG-DJA<br><br>**STIPULATION TO STAY DISCOVERY AND LITIGATION** |

1

OFFICER PHILIP DUFFY individually and in his official capacity; OFFICER SETH PRICE individually and in his official capacity; DOE CITY OF HENDERSON POLICE DEPARTMENT SUPERVISORS I through X, inclusive; ROE CITY OF HENDERSON POLICE DEPARTMENT OFFICERS XI through XX, inclusive,

        Defendants.

COMES NOW, Plaintiffs, IEHAB HAWATMEH; YASMEEN HAWATMEH; LAYTH HAWATMEH; and IEHAB HAWATMEH, as Administrator of the ESTATE OF JOSEPH HAWATMEH, and Defendants, CITY OF HENDERSON; CITY OF HENDERSON POLICE DEPARTMENT; THEDRICK ANDRES; LIEUTENANT THOMAS CHIELLO; SERGEANT JAIME SMITH fka SERGEANT JAIME CLEAR; SERGEANT SETH VAN BEVEREN; OFFICER BRETT ANDERSON; OFFICER JESSE HEHN; OFFICER JESSE LUJAN; OFFICER JAMES PENDLETON; OFFICER LUIS AMEZCUA; OFFICER PHILIP DUFFY; OFFICER SETH PRICE, by and through their respective attorneys of record, and pursuant to Local Rules 6-1 and 7-1, hereby stipulate and agree as follows:

1. Plaintiffs filed this action on October 25, 2022. [ECF #1].
2. Defendants filed a Motion to Dismiss on December 13, 2022. [ECF #25]
3. The parties submitted a proposed Discovery Plan on February 13, 2023. [ECF #29].
4. On February 14, 2023, the Defendants filed a Motion to Stay Discovery. [ECF #30].
5. The Motion to Stay Discovery was briefed and eventually denied pursuant to an Order of the Magistrate Judge dated July 3, 2023. [ECF #51].
6. On September 6, 2023, the Court entered an Order granting Defendants' Motion to Dismiss. [ECF #54]. The Court granted Plaintiffs leave to amend but seemed to indicate that it did not believe that the facts at issue give rise to constitutional claims. *Id*.

7. The parties commenced discovery prior to the entry of the District Court's Order granting Motion to Dismiss; however, the entry of said Order rendered the then-current Discovery Plan moot.

8. Plaintiffs filed their First Amended Complaint on January 15, 2024. [ECF #59].

9. Defendants filed their Second Motion to Dismiss on January 29, 2024. [ECF #60]. Said Motion is fully briefed and awaiting a decision. The Second Motion to Dismiss asserts that a stay of discovery is warranted for the same reasons asserted in the initial Motion to Stay Discovery. In addition, the Defendants assert that it is highly likely that the District Court will again dismiss the Plaintiffs' action.

10. The Plaintiffs believe that the First Amended Complaint sets forth valid claims for relief which should not be dismissed. However, the Plaintiffs acknowledge that the District Court Judge may feel otherwise.

11. The parties agree it is in the best interest of all parties to wait until the Second Motion to Dismiss has been ruled upon prior to setting amended discovery deadlines and incurring the time and expense of written discovery and depositions in the event the Court dismisses the action in whole or in part.

12. The District Court has indicated that if the federal claims are dismissed, it is not inclined to accept jurisdiction over the Plaintiffs' state law claims and that it would likely transfer said claims to the State Court. Under such circumstances, there will be no need for a discovery plan in this Court.

13. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potentially dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011). *See also Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the

discretion of the Court…"); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife,* 288 F.R.D. 500, 506 (D. Nev. 2013) ("discovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law…") (internal quotations omitted).  Defendants take the position that their Second Motion to Dismiss raises purely legal questions that can be resolved without discovery.  As such, it is within the Court's power to grant a stay of discovery at this time.

14. It would be burdensome and unfair to have the parties incur the expense of time-consuming and costly discovery because the parties have agreed to a stay.  Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding."  (Emphasis added).  Thus, staying discovery in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure.  If a stay is not granted, the parties will be required to engage in and incur the costs of discovery which may not be necessary.

15. In order to preserve the parties' and the Court's resources, and to promote judicial economy, the parties have agreed, subject to the Court's approval, to stay discovery (1) for approximately 90 days, until September 16, 2024; or (2) until the Court rules on the Second Motion to Dismiss.

16. The parties further stipulate to delay submission of an amended discovery until ten (10) days following the expiration of the stay.

17. Assuming that this stipulation is approved, Defendants' Second Motion to Stay Discovery [ECF #69] shall be withdrawn as moot.

18. In the event that the Court determines that a stay of discovery is not appropriate, the parties shall submit a proposed Amended Discovery Plan and Scheduling Order

4

within five (5) days after the entry of an order denying this stipulation or such other time period as the Court may require.

DATED this 17th day of June, 2024.

| **ROGER P. CROTEAU & ASSOCIATES, LTD.** | **MARQUIS & AURBACH** |
|---|---|
| /s/*Timothy E Rhoda*<br>ROGER P. CROTEAU, ESQ.<br>Nevada Bar No. 4958<br>TIMOTHY E. RHODA, ESQ.<br>Nevada Bar No. 7878<br>2810 West Charleston Blvd., #67<br>Las Vegas, Nevada 89102<br>702-254-7775<br>croteaulaw@croteaulaw.com<br>*Attorney for Plaintiffs* | /**s**/*Craig R. Anderson*<br>CRAIG R. ANDERSON, ESQ.<br>Nevada Bar No. 6882<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>702-382-0711<br>canderson@maclaw.com<br>*Attorney for Defendants* |

**IT IS THEREFORE ORDERED** that the parties stipulation (ECF No. 70) is **GRANTED.**

**IT IS FURTHER ORDERED** that discovery is stayed until the Court rules on Defendants' motion to dismiss pending at ECF No. 60.

**IT IS FURTHER ORDERED** that if this case proceeds in this Court after the Court rules on Defendants' motion to dismiss, the parties shall file a stipulated discovery plan **thirty days** after the Court rules on the motion to dismiss.

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 69) is **DENIED AS MOOT.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: June 18, 2024